UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
**NOBLESSE MATRIARCH MCNAIR BEY**,
:
                 Plaintiff,
:   **MEMORANDUM DECISION AND**
         – against –
  **ORDER**
:
  22-CV-56 (AMD) (RML)
:
**MATTHEW SCIARRINO, JR., MICHAEL K.
ROZEN** and **MR. THOMPSON/THOMAS**,
:
:
                 Defendants.
:
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The plaintiff alleges that the defendants—a state judge and two state prosecutors—violated her constitutional and statutory rights. The Court grants the plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 solely for the purpose of this order. However, as explained below, the defendants are immune from suit. Accordingly, the action is dismissed with leave to amend.

## BACKGROUND

      The plaintiff sues a New York state judge—the Honorable Matthew Sciarrino—as well as two New York state prosecutors—Michael Rozen "or Mr. Thompson/Thomas Prosecuting Attorney" (ECF No. 1 at 2) for "religious and racial discrimination." (*Id.* at 6.) The plaintiff alleges that Judge Sciarrino "assassinated [her] dignified character" and that the state prosecutors "acquiesced" by "keeping silent." (*Id.* at 6.) To support her allegations, the plaintiff attaches Judge Sciarrino's decision denying a motion by the plaintiff's son to vacate his conviction for attempted murder in the second degree. As explained in the opinion, the plaintiff testified at a post-conviction hearing that at one point during the trial, she introduced herself to one of the jurors as the trial defendant's mother, and told him that she needed a place to stay. The juror

suggested that the plaintiff "stay[] overnight as his place." (*Id.* at 22.) While the plaintiff did not try to influence the juror, she felt that he implied that he would "help her son" if she stayed at his house. (*Id.*) The juror also testified. (*Id.*) He said that he spoke with the plaintiff but did not know that she was the trial defendant's mother, and that he never said anything about the son's case. (*Id.*) The juror said the woman to whom he spoke was "dressed in traditional African clothing" (*id.*), and Judge Sciarrino noted in his opinion that the plaintiff "wore a dashiki and a turban" at the post-conviction hearing. (*Id.* at 21.)

In her single-spaced, 20-page complaint, the plaintiff claims that the defendants violated "Article 2 of the Universal Declaration of Human Rights," the First Amendment, rules governing professional responsibility, and libel laws. (ECF No. 1 at 5-8.) She seeks $5 million in damages and an order enjoining the defendants "or their agents, lackeys, or assigned persons" from retaliating against her or her family. (*Id.* at 8.) She also seeks a writ of habeas corpus on behalf of her son for violations of his Sixth Amendment rights. (*Id.* at 12-15.)

**LEGAL STANDARD**

In order to survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The plaintiff is proceeding *pro se*, so I construe her complaint liberally, and evaluate it by "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). Nevertheless, I must dismiss *sua sponte* an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The claims against the defendants must be dismissed as "frivolous" because it is "clear that [the defendants] are immune from suit." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989)).

Judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 11, 13 (quotation marks and citations omitted). Judicial immunity may be overcome only if the court is alleged to have taken nonjudicial actions, or if the judicial actions taken were "in the complete absence of all jurisdiction." *Id.* at 11-12. Moreover, the Federal Courts Improvement Act of 1996 extends judicial immunity to most actions seeking prospective injunctive relief, and provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983); *see Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004). The plaintiff's claims

against Judge Sciarrino clearly arise out of judicial acts that he took in the post-conviction proceeding before him.[1]

The prosecutors are also immune from suit. Prosecutors are entitled to absolute immunity for acts within the scope of their duties as advocates in the prosecutorial process. *Santulli v. Russello*, 519 F. App'x 706, 711 (2d Cir. 2013); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019) ("Absolute immunity bars § 1983 suits against prosecutors for their role 'in initiating a prosecution and in presenting the State's case.'" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Immunity attaches "regardless of any allegations that [the prosecutor's] actions were undertaken with an improper state of mind or improper motive." *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005); *see also Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (same). The plaintiff does not allege, nor do the facts alleged suggest, that Rozen or Thompson/Thomas acted outside the scope of their duties in prosecuting the plaintiff's son.

To the extent that the plaintiff seeks to challenge her son's conviction or assert claims on his behalf, she cannot do so *pro se*. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf.").

---

[1] The plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B). The plaintiff may file an amended complaint within 30 days of the date of this order. The amended complaint must bear the caption "Amended Complaint" and have the same docket number as this order ("22-CV-56"). If the plaintiff does not file an amended complaint within that time, judgment dismissing this action will enter.

The Clerk of Court is respectfully directed to mail a copy of this order to the plaintiff and to note the mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
        May 2, 2022