UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
      :
**NOBLESSE MATRIARCH MCNAIR BEY**,      :
      :
                        Plaintiff,      :  **MEMORANDUM DECISION AND ORDER**
      :
            – against –      :  22-CV-56 (AMD) (RML)
      :
**MATTHEW SCIARRINO, JR., MICHAEL K.**  :
**ROZEN,** and **MR. THOMPSON/THOMAS**,
      :
                      Defendants.
------------------------------------------------------------ X

**ANN M. DONNELLY,** United States District Judge:

By Memorandum Decision and Order entered May 3, 2022, the Court dismissed the above-captioned *pro se* complaint, and granted the plaintiff leave to file an amended complaint. (ECF No. 7.) On July 6, 2022, the plaintiff filed a submission entitled "Amended Complaint" (ECF No. 9), but which appears to be a motion for reconsideration of my decision dismissing her complaint.

To the extent the plaintiff seeks reconsideration of the Court's order dismissing her complaint, that motion is denied. Motions for reconsideration are governed by Rule 59 of the Federal Rules of Civil Procedure, which permits a litigant to "file a 'motion to alter or amend a judgment.'" *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting Fed. R. Civ. P. 59(e)). "A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (brackets omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that

the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*

The plaintiff does not meet this standard. As I explained in my order dismissing the case, the defendants are immune from suit. Judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id*. at 11, 13 (quotation marks and citations omitted). Judicial immunity may be overcome only if the court is alleged to have taken nonjudicial actions, or if the judicial actions taken were "in the complete absence of all jurisdiction." *Id*. at 11-12. Moreover, the Federal Courts Improvement Act of 1996 extends judicial immunity to most actions seeking prospective injunctive relief and provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983); *see Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004).

Prosecutors also have immunity for acts within the scope of their duties as advocates in the prosecutorial process. *Santulli v. Russello*, 519 F. App'x 706, 711 (2d Cir. 2013); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019) ("Absolute immunity bars § 1983 suits against prosecutors for their role 'in initiating a prosecution and in presenting the State's case.'" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Immunity attaches "regardless of any allegations that [the prosecutor's] actions were undertaken with an improper state of mind or

improper motive." *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005); *see also Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012).

      The plaintiff does not claim that either the judge or the prosecutors were acting outside the scope of their duties.  Accordingly, reconsideration of my earlier order is denied.  To the extent that the plaintiff means for her latest submission to serve as an amended complaint, the complaint is dismissed for the reasons explained in my earlier decision.  In an excess of caution, I give the plaintiff an additional opportunity to file an amended complaint.

## CONCLUSION

For the reasons set forth above, reconsideration of the Court's May 3, 2022 decision is denied.  In the alternative, to the extent the plaintiff's submission was an amended complaint, it is dismissed without prejudice.  28 U.S.C. § 1915(e)(2)(B).  The plaintiff may file an amended complaint within 30 days of the date of this order.  The amended complaint must bear the caption "Amended Complaint" and have the same docket number as this order ("22-CV-56").  If the plaintiff does not file an amended complaint within that time, judgment dismissing this action will enter.

The Clerk of Court is respectfully directed to mail a copy of this order to the plaintiff and to note the mailing on the docket.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
August 2, 2022